LIPMAN *et al.* *v.* JACKSON ARCHITECTURAL IRON-WORKS *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

MORTGAGES—FUTURE ADVANCES—MECHANICS' LIENS—PRIORITY.

Mortgagees in a mortgage to secure future advances under a building loan agreement, after advancing a part of the amount, on the filing of a mechanic's lien against the premises, refused, as they had a right to do under the agreement, to make fur-

ther advances. An agreement was then made between the mortgagees, the mortgagors, and the lienors that the mortgagees should make additional advances, and accept orders in favor of the lienors and others, payable out of specified installments, and the lienors agreed that their lien should be subordinate to such advances. The work on the buildings did not proceed far enough, on these advances, to render the installments specified payable, and a further agreement was made that the mortgagees should make further advances, to be used for work on the buildings, and advances on a second mortgage, to be used only for certain specified work thereon, and the lienors agreed that their lien be subordinate also to these advances. Such advances were made to the whole amount of the first mortgage, and a part of the amount of the second mortgage, and were used according to the agreement; but the work necessary to entitle the mortgagors to the installments specified in the first agreement was never completed. *Held,* that the mechanic's lien was postponed to all advances made for the completion of the buildings under the first mortgage, unless the mortgagors became entitled to the installments specified in the first agreement before the amount of that mortgage had been fully advanced, and that that mortgage was therefore entitled to priority, for the whole amount thereof, over the mechanic's lien.

Appeal from judgment entered on report of referee.

Action by Julius Lipman and William Cohen against William A. Mathesius and Isabella C. Anderson and others, to foreclose a mortgage. The defendant the Jackson Architectural Iron-Works appeals from a judgment of foreclosure and sale entered on a referee's report. On the trial the following opinion was rendered by the referee: "The only question for decision in this action is as to the relative priority of the lien of the plaintiffs under the mortgage, and of the Jackson Architectural Iron-Works under its notice of lien. The plaintiffs made a builder's loan to William A. Mathesius and Isabella C. Anderson of $55,000, secured by a mortgage on the premises mentioned in the complaint. In November, 1888, there had been advanced in cash and by the acceptances of orders the sum of $40,037.34. The Jackson Architectural Iron-Works on September 25, 1888, had filed a mechanic's lien against the premises. In November, 1888, an agreement was made reciting that it was for the best interests of all concerned that work should be continued upon the premises, and that Lipman and Cohen should accept an order in favor of the Jackson Architectural Iron-Works for the sum of $2,879.10, with interest, of which $800 should be payable when Mathesius and Anderson became entitled to the fifteenth payment according to the terms of their builder's loan contract, and the balance when they became entitled to the sixteenth payment according to the terms of the said contract, and providing that the mechanic's lien should be postponed to the payments of such acceptances, and of other acceptances provided for in the agreement. The building was not completed by Mathesius and Anderson, nor were the fifteenth and sixteenth payments reached, and on April 3, 1889, the Jackson Architectural Iron-Works entered into another agreement, reciting that Lipman and Cohen had contracted to lend Mathesius and Anderson the further sum of $10,000, to be secured by a mortgage on the premises, that sum to be used in putting the trim upon the building and the plumbing work, and agreeing that Lipman and Cohen should pay to Mathesius and Anderson the full sum of $55,000 and $10,000, less the amount of $2,879.10 and interest, to be paid to the Jackson Architectural Iron-Works, provided, however, that such payments and advances, so far as secured by the mortgage of $55,000, should be made for work and materials to be done and used in the construction and building of the houses, and for no other purpose; so far as such advances were made upon the security of the mortgage for $10,000, they should be used for the trim on said buildings and the plumbing work. And it was agreed that the said payments and advances made and to be made on the security of said mortgage of $55,000 and $10,000 might be deemed and taken to be secured by the mortgages to the same extent and in the same way as if the payments had been made prior to the filing of the mechanic's lien of the Jackson Architectural Iron-Works. It now appears that the whole amount of $55,000 provided for by the first mortgage to Lipman

and Cohen has been advanced for work and materials to be done and used in the construction and building of the houses. It also appears that some advances have been made upon the $10,000 mortgage, and that Mathesius and Anderson have never become entitled to the fifteenth or sixteenth payments due under their building contract. The result of these agreements, under this state of facts, appears to me plainly to be that the Jackson Architectural Iron-Works postponed their lien to all advances made for the completion of the building under the $55,000 mortgage, unless Mathesius and Anderson became entitled to the fifteenth and sixteenth payments before the $55,000 had been fully advanced, and the plaintiffs are therefore entitled to a lien upon the mortgaged premises for the full amount of $55,000 and interest, in priority of the claim of the Jackson Architectural Iron-Works, which was postponed by the two agreements mentioned."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Ogden & Beekman, (Henry R. Beekman, of counsel,) for appellants. Charles E. L. Jeliffe, (Ephraim A. Jacob, of counsel,) for respondents.

BISCHOFF, J. The only question litigated between the parties to this appeal was that of the relative priority of the mortgage lien of plaintiffs and the mechanic's lien of appellant, the Jackson Architectural Iron-Works. The mortgage was executed to the plaintiffs to secure future advances to the extent of $55,000, to be paid in installments, under a building loan agreement between the plaintiffs and the mortgagors. On September 25, 1888, when the plaintiffs had advanced upon their mortgage $40,037.34, the Jackson Architectural Iron-Works filed a notice of their lien in the office of the clerk of the city and county of New York. Plaintiffs, availing themselves of their right to do so under the building loan agreement above mentioned, because of the filing of said notice of lien, refused to make additional advances. Thereupon an agreement was entered into between plaintiffs, the mortgagors, and the Jackson Architectural Iron-Works, by which plaintiffs agreed to make further advances, and the appellants agreed to subordinate their lien to such advances. This agreement was entered into in November, 1888. On April 3, 1889, a further agreement was entered into, among the same parties, pursuant to which the lien of the Jackson Architectural Iron-Works was still further subordinated to advances which plaintiffs agreed to make upon a second mortgage. Upon the hearing before the referee no conflict of evidence appeared, the case being disposed of upon the testimony of plaintiff Lipman, and documentary evidence consisting of the three agreements hereinbefore mentioned; and the question of priority determined by the referee rested exclusively on the construction of these agreements. The opinion of the referee which forms a part of the record before us refers to each of these agreements, and a careful examination of them convinces us that the learned referee has not misapprehended their effect, and that no error was committed in his construction thereof. Accepting the construction as made by the referee, his report, and the findings and conclusions stated therein, are fully supported by the evidence, and the exceptions thereto furnish no ground for reversal. The judgment appealed from should be affirmed, with costs.

DALY, C. J., concurs.